TOZZI, Chief Judge,
dissenting:
I join with the legal conclusions and proposed remedy set out in the dissenting opinion of Judge Ham. I write separately to highlight my differing characterization of the remedy ordered by the majority in this ease.
I do not agree with the majority that a DuBay[29] hearing is appropriate in this case. The government has had more than ample time and possesses adequate resources to have remedied the substantial omission in this record of trial by now, all to the prejudice of the Appellant. I agree with Judge Ham that the appropriate remedy in this case is to approve a nonverbatim record sentence in accordance with R.C.M. 1103(f)(1). I differ, however, with Judge Ham’s characterization of the majority’s effort in this case as an “appellate rescue mission” and appellate “CPR.” This ease presents a close issue upon which reasonable minds can differ. It is my sincere hope that the DuBay hearing ordered by the majority will provide additional information this court can rely upon to fulfill its statutory obligations under Article 66, UCMJ.
Judge SIMS concurs,
APPENDIX
ORDER
WHEREAS:
A panel of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of carnal knowledge, indecent acts with a child, and indecent assault, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for twelve years, forfeiture of all pay and allowances, and reduction to the grade of Private El.
Appellant has alleged to this court, inter alia, a substantial omission from the record of trial rendering it incomplete under Article 54, UCMJ, as his “Good Soldier Book,” admitted as Defense Exhibit A during the defense sentencing ease, was not included in appellant’s record of trial.
NOW, THEREFORE, IT IS ORDERED:
1. That the record of trial is returned to The Judge Advocate General for such action as is required to conduct a limited hearing pursuant to DuBay;
2. That the DuBay military judge will determine the following:
a. What appellant, trial defense counsel, trial counsel, the court reporter, and the military judge recall were the specific contents of Defense Exhibit A;
*590 b. What were the contents of Defense Exhibit A;
c. Whether the clemency letters submitted with appellant’s Rule for Courts-Martial 1105 petition were the same, or substantially the same, as the extenuation/mitigation letters included in Defense Exhibit A as submitted at the time of trial, and if not substantially the same, what the differences were.
d. Whether Defense Exhibit A can be fully or substantially reconstructed. The military judge and the parties will cooperate at the DuBay hearing to reconstruct Defense Exhibit A and attach it to the Record of Trial. Reasonable substitutes for missing portions of the exhibit may include live extenuation/mitigation witness testimony, stipulations of expected testimony, or stipulations of fact.
e. If Defense Exhibit A has been substantially rather than fully reconstructed the military judge will make findings of fact detailing how much of the exhibit has been reconstructed and specific findings detailing what items have not been reconstructed. Additionally, the military judge will state in the findings of fact and conclusions of law whether the reconstructed Defense Exhibit A amounts to a substantial omission from appellant’s Record of Trial, rendering it incomplete under Article 54, UCMJ.
3.That the government shall obtain copies of all of appellant’s awards, certificates, and letters of commendation both from his service in the Army and in the Marine Corps. The government shall serve copies of these documents on the defense no later than seven (7) days before commencement of the hearing and shall announce any willingness to stipulate to documents it is unable to obtain at that time. If the government is unable to obtain these documents, they are directed to explain to the military judge in writing, and in detail, what efforts were taken to obtain the documents and why they were unable to do so.
4. That the DuBay military judge will permit and/or order the presentation of witnesses and evidence, and make rulings as appropriate.
5. That the hearing will be concluded no later than sixty (60) days from the date of this Order.
6. That, at the conclusion of the proceedings, the record, with an authenticated verbatim transcript of the hearing, will be expeditiously returned to this court for further review.
HAM, Judge, with whom TOZZI, Chief Judge, SIMS, Judge and GIFFORD, Judge join (dissenting):
I dissent from this order for the reasons set forth in United States v. Gaskins, 69 M. J. 569 (Army Ct.Crim.App. 27 Aug. 2010) (Ham, J., dissenting).

. United States v. DuBay, 17 U.S.C.M.A. 146, 37 C.M.R. 411, (1967).